UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA, | No. 2:16-cv-1915 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| K. GRETHER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. On November 18, 2016, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a) and dismissed with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges that on or around August 8, 2014, he was placed in administrative segregation at Folsom State Prison after prison officials received a telephone call indicating plaintiff's life was in danger.

Upon plaintiff's transfer to High Desert State Prison on September 9, 2015, plaintiff was interviewed by defendant Grether. Plaintiff informed Grether that housing plaintiff in general population would put plaintiff's life in danger. Despite plaintiff's warning, Grether placed plaintiff in general population. Plaintiff does not indicate that Grether was aware of the specifics of the threat against plaintiff, nor does plaintiff elaborate on the nature of the threat.

Once in general population, plaintiff informed defendant Aguilera that plaintiff was on a "hit list." Initially, defendant Aguilera did nothing to help plaintiff, although, later that day, plaintiff was removed by Aguilera from general population and placed in a holding cage. While in the holding cage, defendant Davis called plaintiff names, such as "bitch."

Plaintiff's allegations are essentially the same as those presented in his original complaint. In response to those allegations, the court found as follows:

/////

2

> In his complaint, plaintiff asserts he informed defendants Grether, Aguilera and another unidentified officer that if he were to be housed in general population, plaintiff would be attacked. Plaintiff alleges these defendants ignored plaintiff's warning and plaintiff was placed in general population anyway. However, plaintiff does not allege that he was attacked or injured in any other way as a result of the actions of any these defendants. Plaintiff also alleges defendant Davis called plaintiff names while plaintiff was in a holding cell. Plaintiff seeks monetary damages.
>
> Because verbal harassment generally does not rise to the level of a violation of the Constitution, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) and plaintiff fails to otherwise allege any actionable injury, plaintiff's complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint in order to cure the deficiencies in his pleadings.
>
> Plaintiff is informed that the Eighth Amendment forbids cruel and unusual punishment against prisoners. Cruel and unusual punishment is properly alleged when a plaintiff points to facts indicating he was injured as a result of at least deliberate indifference by a prison official to a substantial risk of serious physical harm. Farmer v. Brennan, 511 U.S. 825, 828 (1994).

Despite the court's screening order concerning plaintiff's original complaint, plaintiff did not cure the deficiencies in his pleadings. First, plaintiff fails to point to facts suggesting he was subjected to a substantial risk of serious physical harm as a result of his brief stay in general population at High Desert on the day he was transferred there. Second, as the court indicated in the original screening order, name-calling does not generally violate the Constitution. Finally, plaintiff again fails to indicate how he was injured by the actions of any defendant.

For these reasons, plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted. Considering the information provided to plaintiff upon the dismissal of his original complaint and plaintiff's failure to state a claim upon which relief can be granted in his amended complaint, granting leave to file a second amended complaint appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed with prejudice; and
2. This case be closed.

3

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 3 | after being served with these findings and recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 5 | "Objections to Magistrate Judge's Findings and Recommendations." Any response to the |
| 6 | objections shall be served and filed within fourteen days after service of the objections. The |
| 7 | parties are advised that failure to file objections within the specified time may waive the right to |
| 8 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |

Dated: June 6, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] garc1915.14(2)